67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fingal E. JOHNSON, Plaintiff-Appellant,
v.
Mary HENDERSON; David Trippett; Ronald Knuckles; John
Nunnery; M. Kearns, Defendants-Appellees.
 Nos. 93-2506, 94-2269.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Fingal Johnson, a prisoner at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan, sued prison officials at TCF for alleged violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. Sec. 1983. In this consolidated appeal, he challenges the district court's grant of summary judgment (Case No. 93-2506) and the district court's order granting taxation of costs (Case No. 94-2269). We AFFIRM the district court.
 
 I. BACKGROUND
 
 2
 Plaintiff filed a pro se complaint against the following defendants: Henderson, a mail room clerk; Trippett, the warden; Nuckles, the chaplain; Nunnery, a resident unit manager; and Karnes, an assistant resident unit manager. Plaintiff claimed: (1) as a result of plaintiff's grievances, defendant Henderson retaliated by destroying his adult magazine, withholding polaroid photos and otherwise tampering with his mail; (2) defendant Henderson interfered with his incoming legal mail; (3) defendants Karnes and Nunnery denied plaintiff his preferred cell assignment; (4) defendant Nuckles withheld plaintiff's polaroid photos in violation of the Equal Protection Clause; and (5) defendant Trippett, in his supervisory capacity, violated plaintiff's constitutional rights by condoning other defendants' improper conduct. The district court granted defendants' motion for summary judgment on all claims, and ordered taxation of costs.
 
 II. DISCUSSION
 
 3
 We review a grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), cert. denied, 114 S.Ct. 609 (1993). Summary judgment is proper if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 A. First Amendment Claims
 
 4
 Plaintiff contends that defendants engaged in retaliatory conduct violative of his First Amendment right to seek redress of grievances. He also claims that defendants' interference with his legal mail violated his First Amendment right of access to the courts.
 
 
 5
 1. Destruction of Magazine and Withholding of Polaroid Photos by Henderson
 
 
 6
 Plaintiff alleges that defendant Henderson retaliated against plaintiff by destroying one of his adult magazines, withholding polaroid photos, and otherwise tampering with his mail. Henderson averred that she did not destroy the magazine, but removed the staples to open the centerfold and search for contraband. She also testified that she rejected the polaroids for security reasons pursuant to prison policy. Plaintiff presented no evidence to rebut defendant's assertions. The conclusory allegation made in his verified complaint does not raise a genuine issue of fact because it is not based on personal knowledge. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Thus, no genuine issue of fact exists and summary judgment was properly granted.
 
 2. Interference With Incoming Legal Mail
 
 7
 In his complaint, plaintiff mentions "withholding" mail generally, and an incident where a non-defendant opened his legal mail. Plaintiff never specifically states that he did not receive the two pieces of legal mail sent by his attorney. He avers only that defendant Henderson "withheld or destroyed" his legal mail. Because he has not averred personal knowledge of this fact, his attorney's affidavit alone does not raise a genuine issue of fact and summary judgment was proper.
 
 B. Equal Protection Claims
 1. Cell Assignment
 
 8
 Plaintiff claims that even though he was at the top of a waiting list for cell assignments, defendants Karnes and Nunnery gave the next available room to their "favorite" prisoner and placed plaintiff at the bottom of the list. Even if his allegations regarding the cell assignment are true, plaintiff fails to state a constitutional violation. A prisoner has no constitutional right to placement in a particular prison or in any particular section within a prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Because no constitutional claim exists, plaintiff's Sec. 1983 action based on improper cell assignment cannot survive, and summary judgment was proper.
 
 
 9
 2. Withholding of Polaroid Photos by Nuckles
 
 
 10
 Plaintiff contends that defendant Nuckles rejected the polaroids because they depicted a white woman, and plaintiff is black. The photos were technically withheld by Henderson, to whom Nuckles delivered the photos after accepting them from plaintiff's niece. Plaintiff does not allege that this withholding by Henderson was racially discriminatory, only that Nuckles interrupted delivery for racial reasons. Nuckles averred that the pictures showed exposed pubic hair and nipples, either of which is grounds for prohibiting plaintiff from receiving the photos under prison regulations. The affidavit of plaintiff's niece indicates only that the photos did not show pubic hair. Plaintiff does not allege any personal knowledge of the photos. Therefore, plaintiff raises no issue of fact as to the reason for the actual withholding of his photos, and summary judgment was properly granted.
 
 C. Liability of Supervisory Official
 
 11
 The district court properly granted summary judgment on plaintiff's claim that defendant Trippett, in his supervisory capacity, condoned misconduct directed toward plaintiff. Plaintiff has not established that Trippett was personally involved in events giving rise to his claims. Respondeat superior liability is not applicable in section 1983 actions. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984), cert. denied, 469 U.S. 845 (1984). Because plaintiff has not established that Trippett encouraged other defendants to "harass" him, the district court properly granted summary judgment.
 
 D. State Law and Sixth Amendment Claims
 
 12
 Plaintiff waived further appeal of his intentional infliction of emotional distress claim by not properly objecting to the magistrate's recommendation. Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985). The same is true for his Sixth Amendment claim, which he did not raise until his supplemental brief.
 
 E. Taxation of Costs
 
 13
 The district court granted defendants' motion for taxation of costs pursuant to Fed.R.Civ.P. 54(d). Plaintiff argues that the district court abused its discretion by granting costs because he is indigent. Indigence does not insulate a losing party from an order to pay costs. The district court granted costs in the amount of $77.50. Because plaintiff could not pay, the district court ordered a lien against his prisoner account. We hold that this was not an abuse of discretion. Plaintiff's other claims on this matter are without merit and do not warrant further discussion.
 
 III. CONCLUSION
 
 14
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment and dismissal of all other claims and the order granting taxation of costs.